The opinion of the Court was delivered by
Gibson J.
The case submitted, is neither so full nor so satisfactory as-could be desired, but still enough appears to w rrant a legal inference that a partnership existed between Willing Francis, and the Sampayos. It is of no-consequence whether the flour was purchased on joint account or not, as a partnership may be formed by each contributing in specie, his portion of the article or thing in which the trade is to be carried on. A more material consideration is, that the whole was to be managed and sold on joint account, all equally participating in the profit or loss. The entire adventure was to have been sold on its arrival at Lisbon, by H. T. Sampayo, the consignee. As far as we can discover, the agreement entered into by Willing & Francis with F. T. Sampayo for himself and brother, went that far and no farther. Accordingly, there was an entire commixture of the interests of all; no part of the flour being the separate property of either, but the whole constituting one mass, without distinction as to brand or number. What would have been H. T. Sampayo’s power over the cargo if it had arrived at Lisbon ? The counsel for the defendant says, he was authorised to sell the part of Willing ci Francis, as their agent, and remit the proceeds to their correspondent in London. *109 Every partner may be said to be an agent of the firm while he acts within the scope of the partnership. But could Mr. Sampayo have sold the number of barrels which constituted the share of Willing Francis, either separately, or as an undivided interest ; or was he not bound to sell his own share and that of his brother, at the same time ? By the terms of the agreement he was to dispose of the whole together. This, in the event of the arrival of the cargo at its place of destination, would have been extremely important to Willing Francis, as it would have secured to them the utmost degree of faithfulness in the management of their interest, by connecting it with that of the Sampayos ; but, in return, it subjected them to all the responsibilities of partners. It is of no consequence that the flour was separately paid for with the respective funds of each: that was nothing more than a particular mode of contributing to the joint stock, and cannot affect their liability to third persons : nor is it of any importance that Willing & Francis insured their part separately. In case of abandonment for a total loss, the underwriters could have claimed nothing more than their share, after a settlement of the partnership account; and this circumstance cannot change the nature of the agreement between the partners themselves. Then the partnership being established, the liability .of the defendant, as the surviving partner of the firm of Willing Francis, results' of course.
This decision of the principal question, renders it unnecessary to consider the point made by the plaintiff’s counsel, as to a supposed liability of the defendant as a joint owner, in case the Court should think the partnership not established.
Then as to the last question : We are clear that interest ought to be charged from the time the advances were actually made by Mr. Sims. This action to compel contribution to what was a general charge, is in the nature of a bill in equity, and the money may be said to have been paid and advanced to the defendants use ; in which case interest, in the shape of damages, would clearly be recoverable from the time of the advancement. It is said, that interest follows the debt, as a shadow does the substance ; and although this is not a rule of universal application, I can discover no ground to make this case an exception. In actions for mo *110 ney had and received, or money lent and advanced, interest js 0f COurse . and j cannot see why it should not be demandable in every case where one man has used, or been benefited by the application of the money of another. It wou^ be inequitable to allow interest only from the time when the principal was demanded, in a transaction like this, happening in a foreign Country, where it is long before the plaintiff can be advised of his having a claim, and longer still before he can know exactly what he is entitled to demand. Neither can I discern any shew of reason for referring the calculation to the period when the average was adjusted. The adjustment forms no part of the plaintiff’s title, and ' cannot affect the rights of any one. The plaintiff is entitled to interest from the time the average was actually paid.
Judgment for the plaintiff.